UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JINJA "KYNG PARIAH" JOHNSON,

                Plaintiff,

-against-

CAPT. KING; ROCKLAND PYSCH CENTER;
JEAN-SOUFRANT; CAPT. KIM; C/O
MARTINEZ, #2040; CAPT. JOHNSON (M&F);
C/O PARSONS; C/O PUNN; C/O MEIJA;
DEPUTY RIVERA; C/O JAQUEL; SABANDO;
ROSCIE; GAY; PAMELA THOMAS; 111
CENTRE STREET COURT; C/O BUTLER;
SARAH PERRY ECT.; DEPT. NELSON;
CAPT. DAVID KRAUSE; JUDGE WESTON;
MENTAL HEALTH COURT; SALLY; C/O
ADAMS; KIRBY PSYCHIATRIC HOSPITAL,

                Defendants.

22-CV-3024 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who currently is incarcerated at Albion Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that while she was detained at the Rose M. Singer Center ("RMSC"), the Kirby Psychiatric Center, and the Rockland Psychiatric Center, Defendants violated her constitutional rights. By order dated November 4, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth in this order, the Court dismisses the action for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), but grants Plaintiff 60 days' leave to replead her claims.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff filed her original complaint on April 12, 2022, against "Captain Johnson (Male)," "Psych Dr. P (Male)," "DOC," "Rikers Island," "RMSC," "New York State," "Officer Parsons (Male)," "Clinician Thomas (Female)," "P.R.E.A. Officer Pun (Male)," Warden Phillips," "Dr. Barbosor (Male)," "Legal Aid," "Melanie Dearth," and "James Graves." In the original complaint, Plaintiff alleged, *inter alia*,

> 311 paper trail, as well as P.R.E.A. allegation, once a day or 5-6 times out the week. Sexually assaulted on body cam Jan 31, 2022 & sexually harassed by men C/O watching me shower from mirror panel ceilings only installed in bathroom, opening outgoing mail and prolonging delivery. Also attached copies of motion & Webcrims misrepresented me purposely & wouldn't give me all my discovery. My evidence was tampered w/.

(ECF No. 1 at 6-7.)[2]

In the section of the form complaint that asks Plaintiff to describe her injuries, Plaintiff writes,

> Emotionally unavailable for this bullshit YouTube Kyng Pariah – "How I Feel" video (YouTube) Emotional distress, pain and suffering, regurgitating memories of trauma.

(*Id.* at 7.)

---

[2] Plaintiff writes using all capital letters. For readability, the Court uses standard capitalization when quoting from the original and amended complaints. All other grammar, spelling, and punctuation are as in the original unless otherwise indicated.

In the section of the form complaint that asks Plaintiff to state the damages she seeks, Plaintiff writes,

> The prosecution of all officers especially repeated offender of sexual harassment.
>
> 50 Trillion
>
> $50,000,000,000,000
>
> To many men in the only female facility. They should only be on recreation & garbage not bubble or floor in RMSC.

(*Id.*)

On September 7, 2022, without direction from the court, Plaintiff filed an amended complaint against "Capt. King," "Rockland Pysch Center," "Jean-Soufrant," "Capt. Kim," C/O Martinez, #2040," "Capt. Johnson (M&F)," "C/O Parsons," "C/O Punn," "C/O Meija," "Deputy Rivera," "C/O Jaquel," "Sabando," "Roscie," "Gay," "Pamela Thomas," "111 Centre Street Court," "c/o Butler," "Sarah Perry Ect.," "Dept. Nelson," "Capt. David Kraus," "Judge Weston," "Mental Health Court," "Sally," "C/O Adams," "and Kirby Psychiatric Center." In the amended complaint, Plaintiff alleges,

> Falsified information
>
> Fake paperwork
>
> Not being able speak to family or friends via phone
>
> Not receiving mail
>
> Correctional officer threats against my life
>
> Non payments from sanitation threw jail & housing. Since Feb/March. They paid officer for my labor. When in fact you run camera's back I was the one working.

(ECF No. 5 at 4.)

In the section of the form complaint that asks Plaintiff to describe her injuries, Plaintiff writes, "broken foot liability (left)[,] defamation of character[,] emotional distress." (*Id.* at 5.) She brings this complaint seeking, "prosecution of all involved in cover up[,] $100,000,000[,] one hundred million per event." (*Id.*)

## DISCUSSION

Plaintiff's complaint lacks the facts necessary for the Court to determine whether Plaintiff is entitled to relief. As outlined in further detail below, it is not clear how each named Defendant was involved in the alleged deprivation of Plaintiff's rights. Because these necessary facts are not included, Plaintiff's claim that her constitutional rights were violated must be regarded as conclusory, and therefore must be dismissed.

### A.   Personal Involvement

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under Section 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

5

Plaintiff does not allege any facts showing how Defendants were personally involved in the events underlying her claims. Plaintiff's claims are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Diversity Jurisdiction**

To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). It appears that there is no basis for diversity jurisdiction because the parties all appear to be connected to New York.

**C.     Defamation Claim**

There is no federal cause of action for defamation because one's reputation is not a right, privilege or immunity protected by the Constitution or laws of the United States. *Paul v. Davis*, 424 U.S. 693, 711-13 (1976) ("stigma" to reputation, by itself, is not a liberty interest sufficient to invoke the Due Process Clause); *Valmonte v. Bane*, 18 F.3d 992, 1001 (2d Cir. 1994) ("[D]efamation is simply not enough to support a cognizable liberty interest."). The Court therefore construes Plaintiff's claim of defamation as one brought under state law. Plaintiff has not, however, alleged facts indicating that the Court would have supplemental jurisdiction to consider this claim because she has not stated a federal claim.

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction."

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Because Plaintiff does not currently state a federal claim, the Court declines, at this time, to exercise supplemental jurisdiction over the state-law defamation claim, or any other state-law claims, that Plaintiff is attempting to raise in her complaint. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.     Litigation History**

From December 8, 2020, through January 10, 2023, Plaintiff has filed nine other actions in this court, three of which were dismissed for failure to pay the filing fees or to submit a request that the fees be waived. *See Johnson v. Carter*, ECF 1:22-CV-4559, 4 (S.D.N.Y. Aug. 31, 2022); *Johnson v. James*, ECF 1:22-CV-4358, 3 (S.D.N.Y. Aug. 31, 2022); *Johnson v. Rikers Island (R.M.S.C.)*, ECF 1:21-CV-2076, 3 (S.D.N.Y. July 20, 2021).

The other six actions which Plaintiff filed concerning her arrest and detention at RMSC on Rikers Island, and which also included claims arising out of alleged copyright infringements of her music, were dismissed for failure to state a claim, for seeking relief from immune defendants, and for lack of subject matter jurisdiction. *See Pariah v. Scott*, ECF 1:23-CV-0231, 8 (S.D.N.Y. May 30, 2023) (dismissing action for lack of subject matter jurisdiction); *Johnson v. McClain*, ECF 1:22-CV-8685, 7 (S.D.N.Y. July 28, 2023) (dismissing action for failure to state a claim); *Johnson v. Bragg*, ECF 1:22-CV-8651, 11 (S.D.N.Y. Mar. 6, 2023) (dismissing action for lack of subject matter jurisdiction, for failure to state a claim, for seeking relief from immune defendants, and as frivolous); *Johnson v. Rikers Island*, ECF 1:22-CV-3047, 8 (S.D.N.Y. Sept. 7, 2022) (dismissing action for lack of subject matter jurisdiction, for failure to state a claim, and for seeking relief from immune defendants); *Johnson v. Rose M. Singer Ctr.*, ECF 1:22-CV-

2410, 14 (S.D.N.Y. Dec. 21, 2022) (dismissing action for failure to state a claim and for seeking relief from immune defendants); *See Johnson v. Ramos*, ECF 1:20-CV-10361, 8 (S.D.N.Y. July 2, 2021) (dismissing action for failure to state a claim).

**E.     Leave to Replead**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege facts, attributable to a particular defendant, that state a valid claim regarding her detention, the Court grants Plaintiff 60 days' leave to replead her claims. The second amended complaint must allege facts demonstrating that the Court has subject matter jurisdiction of Plaintiff's claims and contain a short and plain statement showing that she is entitled to relief.

Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the second amended complaint states a claim for relief. That information should include:

  a) the names and titles of all relevant people;
  b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c) a description of the injuries Plaintiff suffered; and

    d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's second amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's second amended complaint will completely replace, not supplement, the original and complaints, any facts or claims that Plaintiff wants to include from the original and amended complaints must be repeated in the second amended complaint.

## CONCLUSION

Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff is granted leave to file a second amended complaint that complies with the standards set forth above. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 22-CV-3024 (LTS). A second Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment in this case.

The Clerk of Court is instructed to hold this matter open on the docket until a civil judgment is entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   November 20, 2023
        New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

\_\_\_\_\_CV_____
(Include case number if one has been assigned)

**SECOND AMENDED COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

I.   **LEGAL BASIS FOR CLAIM**

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

II.  **PLAINTIFF INFORMATION**

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name              Middle Initial              Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                          State                          Zip Code

III. **PRISONER STATUS**

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

**IV.    DEFENDANT INFORMATION**

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Page 3

## V. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

## VII.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____    _____
Dated                       Plaintiff's Signature

_____  _____  _____
First Name               Middle Initial    Last Name

_____
Prison Address

_____    _____    _____
County, City                State           Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____