UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JINJA "KYNG PARIAH" JOHNSON,

                     Plaintiff,

             -against-

RIKERS ISLAND; JEAN-SOUFRANT;
PAMELA THOMAS; SARAH PERRY;
OFFICE OF MENTAL HEALTH; JUDGE
CORY WESTON; DAVID KRAUSS; JOHN
JOHNSON; CAPT KIM; C/O PUNN; C/O
PARSONS; C/O BUTLER; C/O MEJIA; C/O
SABANDO; C/O ROSCIE; C/O ADAMS; C/O
MARTINEZ, #2040,

                     Defendants.

22-CV-3024 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Plaintiff, who currently is incarcerated at Albion Correctional Facility, filed this action,

*pro se*, under 42 U.S.C. § 1983, alleging that while she was detained at the Rose M. Singer

Center ("RMSC"), the Kirby Psychiatric Center, and the Rockland Psychiatric Center,

Defendants violated her constitutional rights. Plaintiff filed her original complaint on April 12,

2022, and then, without direction from the Court, Plaintiff filed an amended complaint on

September 7, 2022.

       By order dated November 20, 2023, the Court dismissed Plaintiff's claims for failure to

state a claim. (ECF No. 12.) The Court, however, granted Plaintiff leave to replead facts,

attributable to a particular defendant, which state a valid claim regarding events that occurred

during her detention that violated her constitutional rights. (*Id.* at 8.) The Court advised Plaintiff

that her second amended complaint must allege facts demonstrating that the Court has subject

matter jurisdiction of her claims and contain a short and plain statement showing that she is

entitled to relief. (*Id.*) In response to the Court's order, Plaintiff filed a second amended

complaint alleging that the events giving rise to her claims occurred at RMSC and Mid-Hudson Psychiatric Center from February 4, 2022 through March 15, 2023, well after the date Plaintiff filed her original and amended complaints. (ECF No. 11.) Without direction from the Court, on February 12, 2024, Plaintiff filed a third amended complaint alleging that she was wrongfully convicted. (ECF No. 13.)

## BACKGROUND

The Court assumes familiarity with the November 20, 2023 order, and the Court's recitation of the facts alleged in the original and amended complaints. Plaintiff named as defendants in the original complaint "Captain Johnson (Male)," "Psych Dr. P (Male)," "DOC," "Rikers Island," "RMSC," "New York State," "Officer Parsons (Male)," "Clinician Thomas (Female)," "P.R.E.A. Officer Pun (Male)," Warden Phillips," "Dr. Barbosor (Male)," "Legal Aid," "Melanie Dearth," and "James Graves. She alleged that, on January 31, 2022, she was "[s]exually assaulted on body cam" and was also sexually harassed by several correction officers "watching [her] shower from mirror panel ceilings" installed in the bathroom. (ECF No. 1 at 6-7.) Plaintiff also referred to filing an "allegation under the Prison Rape Elimination Act (PREA) and complained of violations in her then-pending criminal proceedings.[1]

In the amended complaint, Plaintiff named as defendants "Capt. King," "Rockland Pysch Center," "Jean-Soufrant," "Capt. Kim," C/O Martinez, #2040," "Capt. Johnson (M&F)," "C/O Parsons," "C/O Punn," "C/O Meija," "Deputy Rivera," "C/O Jaquel," "Sabando," "Roscie," "Gay," "Pamela Thomas," "111 Centre Street Court," "c/o Butler," "Sarah Perry Ect.," "Dept. Nelson," "Capt. David Kraus," "Judge Weston," "Mental Health Court," "Sally," "C/O Adams,"

---

[1] Plaintiff writes using all capital letters. For readability, the Court uses standard capitalization when quoting from the original and amended complaints. All other grammar, spelling, and punctuation are as in the original unless otherwise indicated.

"and Kirby Psychiatric Center." For her claims, Plaintiff made references to "[f]alsified information," "[f]ake paperwork," not receiving mail, and not being able to speak on the telephone to her family and friends. (ECF No. 5 at 4.) She also states that unidentified correction officers had made "threats against [her] life" and that correction officers were being paid for work that she did. (*Id.*)

In the November 20, 2023 order, the Court considered the original and amended complaints together and held that, because Plaintiff did not allege any facts showing how the defendants were personally involved in the events underlying her claims, she had failed to state federal claims on which relief may be granted. The Court further found that, to the extent Plaintiff was attempting to assert state law claims, it appeared that there was no basis for diversity jurisdiction because all of the parties were seemingly connected to New York. The Court dismissed the pleadings but granted her 60 days' leave to replead her claims in an amended complaint.

Plaintiff's second and third amended complaint are similar in style and substance to her previous complaints.[2] In the second amended complaint she names many of the same defendants from the amended complaint but adds defendants Mid-Hudson Forensic Psychiatric Hospital and the Department of Mental Health. In this pleading, Plaintiff asserts that she is incarcerated for a case that was dismissed, and she alleges "trauma, pain & suffrage from distress of falsified information upon OMH/mental admissions w/no prior history." (ECF No. 11 at 4.)

Plaintiff's third amended complaint, with the exception of Mid-Hudson Psychiatric Hospital, targets the same defendants named in the second amended complaint, including Judge

---

[2]The Court will consider the second and third amended complaints together as the operative pleading.

Cory Weston, who presided over her criminal case, and David Krauss, who represented her in the criminal proceedings. Plaintiff asserts that she was wrongfully convicted.

## DISCUSSION

### A.     Personal Involvement

Even when applying the solicitude due to *pro se* complaints, Plaintiff's amended pleadings do not cure the deficiencies noted in the Court's November 20, 2023 order. As in her original and amended complaint, she fails to allege how each named defendant was directly and personally involved in the events giving rise to her claims. Because the amended pleadings do not allege any facts indicating that any of the named defendants violated any rights secured to her by the Constitution or laws of the United States, the Court dismisses Plaintiff's action for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.     Judicial Immunity

Because Plaintiff brings claims primarily arising out of her criminal proceedings, the Court will specifically address any claims she may seek to bring against Judge Cory Weston and David Kraus.

Plaintiff's claims against Judge Cory Weston must be dismissed. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . .." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity,

injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff has not alleged any facts showing that Judge Cory Weston acted beyond the scope of his judicial responsibilities or outside his jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Judge Cory Weston for "acts arising out of, or related to, individual cases before him," he is immune from suit for such claims. *Bliven,* 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Judge Cory Weston because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

## C.   Private Defendants

Plaintiff's claims against David Krauss must also be dismissed. A claim for relief under section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent special

circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983). As Defendant David Krauss is a private party who is not alleged to work for any state or other government body, Plaintiff has not stated a claim against this Defendant under Section 1983.

## D.    Challenge to Conviction

In the amended pleadings, Plaintiff, who has now been convicted of attempted criminal possession of a weapon in the third degree,[3] attempts to bring new claims challenging her conviction. These new claims are dismissed without prejudice because they are beyond the scope of the original lawsuit and the permitted amendment.[4] *See, e.g.*, *See McCray v. Patrolman N.A.*

---

[3] *See* https://nysdoccslookup.doccs.ny.gov/ [https://perma.cc/G9ZX-MPF2]**.**

[4] A prisoner generally cannot pursue civil rights claims that would necessarily be inconsistent with a conviction. Under the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994),

> in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*.

*Caparco*, 761 F. App' x 27, 30 (2d Cir. 2019) (summary order) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted.") (citing *Palm Beach Strategic Income, LP v. Salzman,* 457 F. App' x 40, 43 (2d Cir. 2012)); *Grimes v. Fremont General Corp.*, 933 F. Supp. 2d 584, 597 (S.D.N.Y. 2013) (citing cases).

### E.      Supplemental Jurisdiction

In the prior pleadings, Plaintiff alleged a defamation claim, but did not show that the Court has diversity of citizenship jurisdiction of those claims. Plaintiff's second and third amended complaints also lack a showing of diversity jurisdiction of any state-law claims she may be alleging because the parties all appear to be connected to New York.

A district court may decline to exercise supplemental jurisdiction of state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Because Plaintiff does not state a federal claim, the Court declines to exercise supplemental jurisdiction over the state-law defamation claim, or any other state-law claims, that Plaintiff is attempting to raise in this action. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of

---

*Heck*, 512 U.S. at 486-87. Should Plaintiff wish to assert constitutional challenges to her state court criminal proceeding, she must do so in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, after first exhausting her available state-court remedies. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005).

supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**F.      Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's second and third amended complaints cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's action, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed as frivolous, for failure to state a claim, and for seeking monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment dismissing this action.

SO ORDERED.

Dated:    April 15, 2024
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge